MIXON *v.* HOME OWNERS' LOAN CORPORATION.

4-5699                                  134 S. W. 2d 9

Opinion delivered December 11, 1939.

*Mann & McCulloch,* for appellant.

*Sam Rorex, Eugene A. Matthews* and *Bevens & Mundt,* for appellee.

HUMPHREYS, J. This is a foreclosure suit brought by the Home Owners' Loan Corporation on July 5, 1937, against W. P. Mixon and Catherine C. Mixon, in the chancery court of Lee county, to recover the balance due on a note and mortgage which they executed on the 28th day of November, 1934, to the Home Owners' Loan Corporation for borrowed money with which to pay an existing mortgage on their home in Marianna which consisted of 80 feet of even width off the south end of lot 5 in the east half of block L, Pharr's survey of the

city of Marianna. The original note and mortgage was for $3,026 with interest at 5 per cent. per annum, principal and interest payable in monthly installments of $23.93. The mortgage contained an accelerating clause providing that upon failure to make the monthly payments for 90 days the mortgagee or its assignee might declare the remainder of said indebtedness due and collectible.

W. P. Mixon and Catherine Mixon filed an answer admitting the execution of the note and mortgage and that they made no payments on the note from July 3, 1936, to July 5, 1937, the date on which the suit was brought. They denied, however, that they were behind on the monthly payments at the time the suit was brought if given credit for twenty-three abstracts of title, amounting to a total of $856, which Catherine C. Mixon had made to certain tracts of land embraced in applications to the Home Owners' Loan Corporation for loans which said Home Owners' Loan Corporation had agreed to pay her, but failed or refused to do so. She alleged in the cross-complaint that this amount was due her and prayed for Judgment against the Home Owners' Loan Corporation for said amount with interest at 6% per annum and that the amount of said judgment be applied on the indebtedness due appellee by appellants and that appellee's complaint be dismissed for want of equity.

Appellee filed a reply to the cross-complaint denying that it had entered into any contract with appellant, Catherine C. Mixon, to pay her for abstracts of title to certain lands embraced in applications for loans to it or that it had any authority to make such contracts.

The cause was submitted to the trial court upon the pleadings, exhibits thereto and the testimony introduced by the respective parties resulting in a finding that the testimony was in irreconcilable conflict as to whether appellee entered into a contract with appellant, Catherine C. Mixon, to pay for the preparation of abstracts of title to certain lands embraced in applications to appellee for loans, but found that the district manager of the Home Owners' Loan Corporation did not have authority to

bind appellee for the payment of the abstract fees as alleged in appellants' cross-complaint. Based upon such finding the trial court dismissed the cross-complaint of appellants for want of equity and rendered judgment for $3,103.35 with interest and costs against appellants and declared a lien on the real property for the payment of said amount with the usual provisions for sale and the satisfaction of the judgment, from which decree an appeal has been duly prosecuted to this court.

The record reflects that Joe N. Martin was the district manager of appellee and that he was in complete charge of the corporation's district office at Jonesboro. Appellant, Catherine C. Mixon, testified that Joe N. Martin agreed that appellee would pay for abstracts which were prepared by her to property described in applications for loans by the property owners to the Home Owners' Loan Corporation, provided the Home Owners' Loan Corporation wrote to the applicant, after approval of the loans, to send in the abstract of title to the property, and that when an applicant brought the letter of authorization to her she would prepare the abstract and send it to the Home Owners' Loan Corporation accompanied by the letter; that the Home Owners' Loan Corporation paid her for all the abstracts she prepared where the loan went through, but had never paid her for the abstracts where the loans were not made. Several witnesses corroborated her in this statement.

Joe N. Martin and a number of witnesses for appellee denied making this contract with appellant, Catherine C. Mixon, and he was corroborated in this denial by a number of witnesses. Joe N. Martin also testified that he had no authority to make such contracts.

Judge R. F. Millwee testified that he was state manager for appellee and that he was familiar with the rules and regulations of appellee and its business customs; that the custom was when the application had reached the eligible stage to make a loan and if the applicant was not financially able to pay for the abstract they would pay for it and include it in the loan provided the applicant had sufficient equity after paying every-

thing else connected with the loan and the original mortgage and interest to include in the loan the amount due for the abstract of title, but that no abstract of title was ever paid for if the loan was not made; that the final direction approving loans was made out of the state office over his signature and that the district manager had no final authority to make loans; that under the rules and regulations no one other than the state manager and possibly the state counsel had authority to bind appellee by contracts.

The burden was upon appellants to not only prove that a contract of the character alleged was made and entered into, but also that the district manager of appellee had authority to make such contracts.

We deem it unnecessary to determine whether such a contract was entered into because appellants have wholly failed to meet the burden upon them to prove that Joe N. Martin had authority to make a contract to pay for abstracts of title to lands embraced in applications for loans.

Having failed to meet this burden or to make proof that Joe N. Martin, district manager of appellee, had authority to make contracts to pay for abstracts furnished applicants for loans, the decree of the chancellor must be affirmed.